APPEAL OF L. R. DAVIDSON.

Docket No. 2593.　Submitted June 15, 1925.　Decided November 14, 1925.

Evidence *held* insufficient to establish a March 1, 1913, value of oil wells in excess of the value fixed by the Commissioner.

*Jos. A. Albrecht, Esq.*, for the taxpayer.
*F. O. Graves, Esq.*, for the Commissioner.

Before JAMES and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax for the year 1919 in the amount of $2,011.94. The question involved is the amount which the taxpayer, in computing his net income for that year, is entitled to deduct as an allowance for the depletion of certain oil wells owned by him. The appeal was submitted on the pleadings, stipulations by the parties, and the deposition of the taxpayer.

The taxpayer resides at Buffalo, N. Y. In the year 1894 he purchased a farm located in Beaver County, Pa., and during the years 1898 to 1912 drilled thereon nine oil wells, all of which were producing oil on March 1, 1913, and continued to produce oil until some time subsequent to the year 1919. The oil content of these wells on March 1, 1913, was stipulated to be 26,258 barrels and the average daily settled flow on that date was 10.82 barrels of oil.

The property involved herein consists of the nine oil wells mentioned and the machinery and equipment necessary to work them. On March 1, 1913, value of the machinery and equipment was $5,500, and in computing his net income for the year 1919 the taxpayer is entitled to a deduction for depreciation thereof, based upon that value. The remaining value of the entire property on March 1, 1913, was the value of the oil content of the wells on that date, which the Board finds to be $32,460. The amount of oil produced in the year 1919 was 1,670.46 barrels.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

TRUSSELL: The only question presented by the record in this appeal is the amount the taxpayer is entitled to deduct, in computing his net income for the year 1919, as an allowance for the depletion of the oil wells referred to in the findings of fact. These wells were acquired by the taxpayer prior to March 1, 1913, and he is therefore entitled to recover through depletion allowances their fair market value as of that date, the amount recoverable in any one year being the percentage of the total value of the wells on March 1, 1913, which the oil produced in the year for which the allowance is made is of the total oil content of the wells on March 1, 1913. *Appeal of The Royal Collieries Co.*, 1 B. T. A. 369. The taxpayer and the Commissioner agree that the oil wells referred to had an oil content on March 1, 1913, of 26,258 barrels; that their average daily flow at that time was 10.82 barrels of oil, and that the production in the year 1919 was 1,670.46 barrels of oil. This leaves for determination only the question of the value of the wells on March 1, 1913.

The Commissioner has allowed a March 1, 1913, value of the taxpayer's oil wells in the amount of $3,000 per barrel of average settled flow of oil, resulting in a total value of $32,460. The taxpayer contends that this value per barrel should be $4,500 and the total value $48,690.

It is incumbent on the taxpayer to introduce sufficient evidence to show that the Commissioner committed error in determining the deficiency appealed from before the Board can disallow such a deficiency. *Appeal of J. M. Lyon,* 1 B. T. A. 378. Therefore, in this appeal, unless the taxpayer has established by competent evidence that the March 1, 1913, value of his oil wells was greater than the amount fixed by the Commissioner, this Board may not set aside the determination of the Commissioner and substitute a greater value as a basis for computing depletion of the wells. The only evidence introduced by the taxpayer as to the March 1, 1913, value of the wells is his own testimony, which we think wholly fails to establish his claim. That part of his testimony pertinent to this issue is as follows:

Q. Did you ever buy any producing wells?

A. No.

Q. Did you ever sell any?

A. No.

Q. Do you know of any such sales which occurred in the vicinity of your wells?

A. No.

Q. Was there in 1913 a price which you understood to be the quoted price at which oil wells could be sold?

A. I can't answer that.

Q. Could you have sold your oil wells on a basis of $3,000 per barrel production per day?

A. Well, I was told I could but when you get down to delivering up and getting the $3,000 its a different thing.

Q. Could you have sold them for more than that per barrel?

A. Yes, I was supposed to have been able to have gotten five or six thousand.

Q. Mr. Davidson, were you ever offered a price for this farm, this oil field, in 1913 or thereabouts?

A. Why, I have been offered different times, I can't just tell when it was.

Q. Did you ever offer the plot for sale?

A. No.

Q. You say you were offered in 1913?

A. I have been offered at different dates. I am not so certain about 1913.

Q. Do you remember the amount?

A. Well, it was not a cash offer. It was a trade for Pittsburgh East End residence property.

\* \* \* \* \* \* \*

Q. In the same form, page 5, schedule II, question 3. The question is "If value was ascertained by comparison with values of other properties established by actual sales of these properties, give details regarding each transaction so used and your basis of comparison." In answer to this question you have stated "Wells in vicinity were quoted during the period around 1913 at $4,500 per barrel per day, settled flow, and that basis is used in arriving at the answer to question 2(a)." My question is how did you determine the $4,500?

A. I did not determine it. That is oil field valuation. I didn't know whether I could sell it for that, half of it or double it. I got my information from this man Wright who was raised in the fields.

This testimony falls far short of establishing that the value of the taxpayer's oil wells on March 1, 1913, was more than $3,000 per barrel of average production. It therefore follows that the taxpayer is not entitled to a greater deduction for the depletion of his oil wells in the year 1919 than the Commissioner has allowed.